*ELECTRONICALLY FILED*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**SCHWARTZ SIMON EDELSTEIN**
**CELSO & KESSLER LLC**
44 Whippany Road, Suite 210
PO Box 2355
Morristown, New Jersey 07962
Attorneys for Defendants
Eastern Christian School Association
and Richard Kuder

---

| | |
|---|---|
| VALERI SHAFER, | Civil Action No. 07-cv-5051 |
| Plaintiff, | |
| v. | **NOTICE OF MOTION FOR DISMISSAL** |
| | **PURSUANT TO** |
| EASTERN CHRISTIAN SCHOOL | **FED. R. CIV. P. 12(b)(6)** |
| ASSOCIATION, CHRISTIAN SCHOOLS | |
| INTERNATIONAL, RICHARD KUDER, | |
| KURT KABOTH, FLORENCE | |
| NIEUWENHUIS, GINNY HOOGSTRA, | |
| ROGER STEIGINGA and LORI | |
| STEIGINGA, | |
| Defendants. | |

---

TO:    Marissa Becker Ruggiero, Esq.
       Deutsch Atkins, P.C.
       25 Main Street, Suite 104
       Court Plaza North
       Hackensack, New Jersey 07601
       Attorneys for Plaintiff, Valeri Shafer

**PLEASE TAKE NOTICE** that on a date set by the Court, in the forenoon or as

soon thereafter as counsel may be heard, the undersigned attorneys for Defendants

Eastern Christian School Association and Richard Kuder will move before the United

States District Court, District of New Jersey, Newark Vicinage, for an Order dismissing Counts One and Five of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Defendants will rely on the Brief, Certification of Thomas Dykhouse and Exhibit submitted. A proposed form of Order is also enclosed.

Oral Argument is requested if deemed necessary by the Court.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLC
Attorneys for Defendants
Eastern Christian School
Association and Richard Kuder

By: _/S/ Elizabeth F. Lorell_
    ELIZABETH F. LORELL, ESQ.

Dated: November 8, 2007

*ELECTRONICALLY FILED*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VALERI SHAFER, | : | |
| Plaintiff, | : | Civil Action No. 07-cv-5051 |
| v. | : | |
| EASTERN CHRISTIAN SCHOOL ASSOCIATION, CHRISTIAN SCHOOLS INTERNATIONAL, RICHARD KUDER, KURT KABOTH, FLORENCE NIEUWENHUIS, GINNY HOOGSTRA, ROGER STEIGINGA and LORI STEIGINGA, | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF MOTION FOR DISMISSAL IN LIEU OF ANSWER PURSUANT TO FED. R. CIV. P. 12(b)(6)

**SCHWARTZ SIMON EDELSTEIN CELSO & KESSLER LLC**
44 Whippany Road, Suite 210
PO Box 2355
Morristown, New Jersey 07962
Attorneys for Defendants
Eastern Christian School Association
and Richard Kuder

Of Counsel and On the Brief:
Elizabeth F. Lorell, Esq.

On the Brief:
Joseph L. Roselle, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................... 1

PROCEDURAL HISTORY AND STATEMENT OF FACTS........................................ 3

LEGAL ARGUMENT.................................................................................................... 6

    POINT I ...................................................................................................................... 6

        THE LEGAL STANDARD FOR THIS MOTION TO DISMISS FOR FAILURE
        TO STATE A CLAIM IS SATISFIED ............................................................... 6

    POINT II .................................................................................................................... 7

        COUNT ONE OF PLAINTIFF'S AMENDED COMPLAINT   MUST BE
        DISMISSED BECAUSE PLAINTIFF WAS NEVER TERMINATED   AND
        THUS THERE CAN BE NO WRONGFUL DISCHARGE ................................... 7

        A.    Year-to-year Employment Contracts Do Not Automatically Renew and Do
               Not Result in an Expectation of Employment Beyond the Contract Term.............. 7

        B.    There was No Termination of Plaintiff Since Her Employment Contract
               Expired. ................................................................................................ 8

    POINT III .................................................................................................................. 10

        COUNT FIVE OF THE AMENDED COMPLAINT MUST BE DISMISSED
        BECAUSE EASTERN CHRISTIAN, AS A NOT-FOR-PROFIT ENTITY AND
        CANNOT BE HELD LIABLE FOR CLAIMS OF NEGLIGENCE................................ 10

CONCLUSION............................................................................................................... 12

# TABLE OF AUTHORITIES

## Federal Cases

City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)......................6

Fanelli v. Centenary College, 112 Fed. Appx. 210 (3d. Cir. 2004)..............................................7, 8

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997) ............................6

Kost v. Kozakiwicz, 1 F.3d 176, 183 (3d Cir. 1993).........................................................................7

Nazzaro v. U.S., 304 F. Supp.2d 605, 610 (D.N.J. 2004)..............................................................10

Netzke v. Williams, 490 U.S. 319, 326-327 (1989) .........................................................................6

Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d
    Cir. 1993).....................................................................................................................................6

Scheuer v. Rhodes, 416 U.S. 232, 236 (1972)...............................................................................2, 6

Swider v. Ha-Lo Indus., Inc., 134 F. Supp.2d 607, 617 (D.N.J. 2001) ...........................................7

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.
    1998).............................................................................................................................................6

## State Cases

Bernard v. IMI Systems, Inc., 131 N.J. 91 (1993)...........................................................................7

Bieker v. Community House of Moorestown, 169 N.J. 167, 175 (2001).......................................10

Craffey v. Bergen County Utils. Auth., 315 N.J. Super. 345 (App. Div. 1998)......................7, 8, 9

Cresskill Bd. of Educ. v. Cresskill Educ. Ass'n., 362 N.J. Super. 7 (App. Div. 2003)..................8

Marlboro Township Bd. of Educ. v. Marlboro Township Educ. Ass'n., 299 N.J. Super.
    283 (App. Div.), certif. denied, 151 N.J. 71 (1997).................................................................8

Ryan v. Holy Trinity Evangelical Lutheran Church,
    175 N.J. 333 (2003) ...........................................................................................................10 , 11

Wiklund v. Presbyterian Church of Clifton, 90 N.J. Super. 335, 339-340 (N.J. Co. 1966) ....10, 11

## State Statutes

N.J.S.A. 10:5-1.................................................................................................................................3

N.J.S.A. 2A:53A-7.........................................................................................................................10

ii

N.J.S.A. 2A:53A-7(a) ...................................................................................10

## **Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................2, 6

## PRELIMINARY STATEMENT

Currently before the Court is a multi-count Complaint alleging a number of violations of employment law and other related actions. The purported basis for the within lawsuit arises out of Plaintiff Valeri Shafer's ("Plaintiff") employment at Eastern Christian Middle School, a member school of Defendant Eastern Christian School Association ("Eastern Christian"). Plaintiff, filed suit against Eastern Christian, its parent organization, Christian Schools International ("CSI"), Richard Kuder, Kurt Kaboth, Florence Nieuwenhuis, Ginny Hoogstra, each of whom were employees of or associated with Eastern Christian during the time of the alleged conduct, as well as Roger and Lori Steiginga, parents of a student taught by Ms. Shafer. Mr. Steiginga also served on the Board of Eastern Christian during the relevant time period.

In her Complaint, Plaintiff sets forth numerous causes of action against the Defendants. Plaintiff seeks to recover damages allegedly suffered after a student at Eastern Christian allegedly threatened her. Subsequent to that incident, Plaintiff alleges she suffered adverse health effects, discrimination, retaliation, and breach of contract, among other claims.

With regard to two Counts of the Complaint, Counts One and Five, respectively, Plaintiff cannot substantiate her allegations under any circumstances, and thus fails to state a claim upon which relief may be granted with regard to those Counts. Specifically, Count One alleges Plaintiff was wrongfully discharged in violation of public policy. See Count One of Plaintiff's Complaint. In fact, Plaintiff was never actively discharged, but rather, her employment contract simply expired and was not renewed. Likewise, Count Five alleges Negligent Investigation by Eastern Christian wherein Plaintiff alleges that Eastern Christian negligently failed to investigate Plaintiff's claim that the involved student required a psychological evaluation. Even if Eastern Christian had a duty to investigate these claims, Eastern Christian, as a not-for-profit religious and educational organization, is immune under New Jersey law for liability for negligence.

1

Although the Defendants deny the allegations contained in Plaintiff's Complaint, for the purposes of a motion to dismiss in lieu of an Answer, the allegations should be construed in favor of the Plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1972).  However, even with the benefit of this standard, the Plaintiff's Complaint still fails to set forth a cause of action upon which relief can be granted with respect to Counts One and Five of the Plaintiff's First Amended Complaint/

As such, Defendants Eastern Christian and Richard Kuder request dismissal of Counts One and Five of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May Be Granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants further hereby preserve all affirmative defenses available to them and assert, herein, that dismissal of Counts One and Five should be granted as a matter of law.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff filed an Amended Complaint in New Jersey State Court, Bergen County, which was removed to the United States District Court on October 19, 2007. No other pleadings have been filed with the United States District Court to date. The First Amended Complaint alleged twelve causes of action against Defendants. Specifically, the individual counts of this Complaint, as alleged, are as follows:

| COUNT | ALLEGATION |
|---|---|
| Count One | Wrongful Discharge in Violation of Public Policy |
| Count Two | Retaliation for Filing a worker's Compensation Claim |
| Count Three | Disability Discrimination/Perceived Disability Discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. |
| Count Four | Retaliation for Taking Disability Leave |
| Count Five | Negligent Investigation |
| Count Six | Breach of Contract and Failure to Fund Plaintiff's Pension |
| Count Seven | Breach of the Covenant of Good Faith and Fair Dealing |
| Count Eight | Willful Disregard of Contractual Rights |
| Count Nine | Alleging Violations of the Consolidated Omnibus Budget Reconciliation Act (COBRA) |
| Count Ten | Interference with rights under the Family and Medical Leave Act (FMLA) |
| Count Eleven | Negligent Supervision alleged against Roger and Lori Steiginga |
| Count Twelve | Aiding and Abetting (alleged against the individually named Eastern Christian Defendants). |

On or about October 18, 2007, the day prior to removal and without knowledge of Defendants, Plaintiff filed a Second Amended Complaint in the State Court of New Jersey, Bergen County, docketed as BER-L-6502-07. This Complaint did not include Counts Nine and Ten, of the Complaint, nor did it include Count Eleven, as Defendants Roger and Lori Steiginga obtained a stipulation of dismissal with prejudice with regard to this Count.

However, Roger Steiginga was added to the Second Amended Complaint as a Defendant in his capacity as a Board member of the Eastern Christian School Association. Upon information and belief, this Second Amended Complaint has still not been formally served on a number of parties, and is not subject to the Removal action. No other pleadings have been filed, either in State or Federal Court.

Furthermore, although the Second Amended Complaint dismissed Counts Nine and Ten of the Amended Complaint as they related to COBRA and FMLA, respectively, Plaintiff did not dismiss Count Six of the Complaint. That Count alleges breach of contract and the failure to fund Plaintiff's pension. It is Defendants' contention that claims dealing with pension plans arise under the Employment Retirement Income Security Act (ERISA), and thus, Federal-based claims remain in this action, even as alleged in the Second Amended Complaint.[1]

Defendant Eastern Christian was formed in 1892 as a non-profit, religious educational institution. See ¶ 1 of Exhibit A, Certification of Thomas Dykhouse, Executive Director and Head of School of the Eastern Christian. A series of mergers in 1950 and 1951, respectively,

---

[1] On October 31, 2007, Defendants' Eastern Christian's counsel wrote to Plaintiff's counsel requesting a dismissal with prejudice of all Federal-based claims in the Complaint, including Count Six in the Second Amended Complaint which referenced pension issues and therefore claims pursuant to the Employment Retirement Income Security Act ("ERISA"). We advised Plaintiff that if she intended to pursue pension issues, jurisdiction would still be proper in Federal Court. However, if Plaintiff would agree to dismiss all federal-based claims with prejudice, Eastern Christian's counsel would agree to remand the matter back to State Court. Hearing no response to Defendants' October 31, 2007 letter, this Motion is now being submitted in order to satisfy the deadline for filing Defendants' initial pleading.

resulted in the Eastern Christian as it is currently known at the present time.  Id. ¶ 4.  Throughout

its history, Eastern Christian was and remains a not-for-profit institution.  See ¶ 6 of Exhibit A.

Plaintiff's Complaint contains a number of factual allegations.  Amongst them are the

following:

- Plaintiff was hired as a teacher at Eastern Christian Middle School in the Spring of 1998 and began teaching at Eastern Christian in the Fall of 1998.  See Amended Complaint, ¶ 8.
- Plaintiff's contract for the 2004-2005 school year ran until August 31, 2005.  See Amended Complaint, ¶ 9.
- Plaintiff's contract was renewed for the 2005-2006 school year in or about May 2005.  The contract ran until August 31, 2006.  See Amended Complaint, ¶ 10.

For the names set forth *infra.*, Defendants Eastern Christian and Richard Kuder seek a

dismissal of Count One of the Complaint as Plaintiff had no expectation or right to continued

employment after her contract terminated on August 31, 2006.  Moreover, Count Five which

asserts Negligent Investigation against Eastern Christian should be dismissed as it is a non-

profit organization and thus qualifies for immunity under the Charitable Immunity Act for

negligence actions.

## LEGAL ARGUMENT
### POINT I

### THE LEGAL STANDARD FOR THIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IS SATISFIED

Federal Rule of Civil Procedure 12(b)(6) permits the whole or partial dismissal of a Complaint for failure to state a claim upon which relief can be granted and provides that a motion to dismiss under these circumstances may be made by motion before pleading, if a further pleading is permitted.  When ruling on a motion to dismiss under Rule 12(b)(6), the allegations of the Complaint should be construed favorably to the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, even after accepting the factual allegations in the Complaint as true for purposes of deciding the Motion, a Court's dismissal is appropriate if, "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); see also Netzke v. Williams, 490 U.S. 319, 326-327 (1989).

The materials a Court should consider in deciding a motion pursuant to Fed. R. Civ. P. 12(b)(6) include the allegations in the complaint, exhibits attached to the complaint and matters of public records.  See Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  A court need not assume that the Plaintiff can prove facts that were not alleged in the complaint. City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998).  Further, the Court is not obligated to credit a Complaint's "bald assertions" or "legal conclusions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).

In the present matter, there are no set of facts which would entitle the Plaintiff to any relief under the First or Fifth counts of her Complaint.  In order to survive a motion to dismiss,

the Plaintiff must set forth information to support each element of a claim.   See Kost v. Kozakiwicz, 1 F.3d 176, 183 (3d Cir. 1993).  Plaintiff has failed to do so in this matter at bar.

**POINT II**

**COUNT ONE OF PLAINTIFF'S AMENDED COMPLAINT
MUST BE DISMISSED BECAUSE PLAINTIFF WAS NEVER TERMINATED
AND THUS THERE CAN BE NO WRONGFUL DISCHARGE**

Count One of Plaintiff's Complaint is entitled "Wrongful discharge in violation of public policy—Pierce Claim" and alleges that "Defendant Eastern Christian made the decision to terminate Plaintiff as a result of her complaint," and "Plaintiff's termination is contrary to a clear mandate of public policy."  See Amended Complaint, ¶¶ 36-37.

This Count should be dismissed because Plaintiff freely admits that her last employment contract, if one did indeed exist, expired on August 31, 2006, the same day she received notice that her health benefits ended.  Plaintiff's contract was never renewed and was allowed to run out, thus ending her employment and making any "termination" of the Plaintiff impossible.

**A.** **Year-to-year Employment Contracts Do Not Automatically Renew and Do Not Result in an Expectation of Employment Beyond the Contract Term.**

In New Jersey, the "American View" of employment contract law has been adopted by the Courts, which states that "a hiring is at-will unless the contrary be fairly plain."  Bernard v. IMI Systems, Inc., 131 N.J. 91 (1993).  In the absence of an employment contract, a New Jersey employee is terminable at will and can be fired with or without cause.  Swider v. Ha-Lo Indus., Inc., 134 F. Supp.2d 607, 617 (D.N.J. 2001).

New Jersey Courts have interpreted the ruling in Bernard to mean that "a contract of employment for a fixed term may no longer be taken to imply a contract of employment for year to year after completion of the fixed term."  See Fanelli v. Centenary College, 112 Fed. Appx. 210 (3d. Cir. 2004) (unreported), quoting Craffey v. Bergen County Utils. Auth., 315 N.J. Super. 345 (App. Div. 1998).

7

In Craffey, supra, an employee alleged that when his employment continued after the expiration of his employment contract, he became an employee under a contract from year-to-year. The New Jersey Appellate Division affirmed the Superior Court's dismissal of the matter, holding that an employment contract was not automatically renewed upon expiration. Thus, the Plaintiff could not avail himself of benefits which would have been available to him under the terms of an employment contract. There simply was no contract and therefore, no expectation of employment. The Court in Craffey stated that the prevailing rule is that "[B]oth employers and employees commonly and reasonably expect employment to be at-will, unless the contrary is specifically stated in explicit, contractual terms," which the contract here did not. Craffey, supra at 352.

New Jersey Courts have continually held that there is no right to reemployment or an expectation of continued employment following the expiration of an employment contract. See, e.g., Fanelli, supra; Craffey, supra; Marlboro Township Bd. of Educ. v. Marlboro Township Educ. Ass'n., 299 N.J. Super. 283 (App. Div.), certif. denied, 151 N.J. 71 (1997) (A board of education's decision not to renew an employment contract was a managerial prerogative); Cresskill Bd. of Educ. v. Cresskill Educ. Ass'n., 362 N.J. Super. 7 (App. Div. 2003)(same).

In the current matter, Plaintiff could not have expected to retain her employment simply because she was party to an employment contract during the previous school year. There is simply no legal basis for such a contention, and as such, there was no right to continued employment. For Plaintiff to assert otherwise is not in accord with well settled New Jersey law.

**B.** **There was No Termination of Plaintiff Since Her Employment Contract Expired.**

Plaintiff alleges in her Amended Complaint that she had an employment contract for the 2004-2005 school year. See Amended Complaint, ¶ 9. Plaintiff then states that this contract was

8

renewed for a one-year term for the 2005-2006 school year.  The Contract was set to expire on August 31, 2006.  See Amended Complaint, ¶ 10.

Clearly, Plaintiff had a year-to-year employment contract with Eastern Christian.  Her contract for the school year of 2004-2005 was, according to Plaintiff herself, renewed for the following school year and was set to expire on August 31, 2006.  As shown above, year-to-year employment contracts do not automatically renew upon their expiration.  Craffey, supra. Plaintiff further alleges she was notified by her health insurance carrier that her benefits expired on August 31, 2006, the same day that the contract itself expired.  See First Amended Complaint, ¶ 31.

Plaintiff's contract was not terminated mid-year, and Plaintiff never alleges such a possibility.  According to the Complaint, the only possible contention made by Plaintiff was that the contract ran out on August 31, 2006, and Plaintiff's employment ended on that date.  Plaintiff had no expectation of employment, she had no right to reemployment or renewal of her contract, and in short, Plaintiff was not dismissed from her employment.

There is no set of facts which may be alleged to state any claim to the contrary.  The law is clear that non-renewed employment contracts are simply that: the end of an individual's time with an employer.

Because Plaintiff was not dismissed or terminated from her employment at Eastern Christian, it follows that no claim may be made for wrongful dismissal, as Plaintiff alleges in Count One of the Complaint.  Therefore, it is respectfully requested that Count One of Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

## POINT III

### COUNT FIVE OF THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE EASTERN CHRISTIAN, AS A NOT-FOR-PROFIT ENTITY AND CANNOT BE HELD LIABLE FOR CLAIMS OF NEGLIGENCE

Under New Jersey statute, organizations organized for charitable purpose are entitled to immunity from liability for negligence. N.J.S.A. 2A:53A-7. The statute reads in relevant part:

> "No nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes or its trustees, directors, officers, employees, . . . shall be liable to respond to damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation." N.J.S.A. 2A:53A-7(a).

Under this Act, known as the Charitable Immunity Act ("CIA"), an entity qualifies for charitable immunity for acts of negligence when it (1) was formed for non-profit purposes, (2) is organized exclusively for religious, charitable or educational purposes, and (3) was advancing those purposes at the time of the injury to plaintiff who was then a beneficiary of the charitable works." See Nazzaro v. U.S., 304 F. Supp. 2d 605, 610 (D.N.J. 2004); Bieker v. Community House of Moorestown, 169 N.J. 167, 175 (2001). The principle of such a statute is to prevent funds dedicated to a charitable use to be permitted to be diverted or diminished by the payment of tort judgments. Wiklund v. Presbyterian Church of Clifton, 90 N.J. Super. 335, 339-340 (N.J. Co. 1966).

It is well settled that once these prongs are met, the CIA prevents recovery for negligence actions against charitable organizations. See, e.g., Ryan v. Holy Trinity Evangelical Lutheran Church, 175 N.J. 333 (2003) (in which a woman was injured during a meeting of a nonprofit group of parents and expectant mothers which was held at a church. The church allowed the group to use its facilities for the meetings. Plaintiff was precluded from recovery against the church based upon the CIA); Nazzarro, supra (in which the wife of a member of a nonprofit

group, the Civil Air Patrol, brought suit for negligence when her husband was injured during a group outing. The Court found that the Plaintiff was a beneficiary of the group and the Civil Air Patrol could not be liable for a claim of negligence).

In the current matter, Plaintiff alleges a cause of action in Count Five entitled "Negligent Investigation," and states that as a result of Eastern Christian's alleged negligent actions, Plaintiff suffered adverse health effects and financial loss. However, Plaintiff is barred from recovery against Eastern Christian for this claim of negligence. At the time of the alleged incidents, Eastern Christian was, and remains, a not-for-profit school. Eastern Christian has never been a profit-making enterprise. See Certification of Thomas Dykhouse. Furthermore, Eastern Christian was organized exclusively for the purpose of maintaining and operating educational institutions of a religious basis. Id.

Finally, Plaintiff Shafer was a beneficiary of Eastern Christian at the time of her alleged injuries. In assessing who is a beneficiary of the works of a charity, "for purposes of CIA, that notion is to be interpreted broadly, as evidenced by the use of the words *to whatever degree* modifying the word *beneficiary in the statute*. Those who are not beneficiaries, by contrast, must be *unconcerned in and unrelated to* the benefactions of such an organization." Ryan, supra, 175 N.J. at 353 (emphasis supplied). See also Wiklund, supra (in which a Sunday School teacher, as a member of a church, was a beneficiary of the church when she fell on church property and her suit for negligence was dismissed).

Clearly, Plaintiff was not "unconcerned in and unrelated to" the benefactions of Eastern Christian. She was a teacher at the school. Her salary was paid from charitable funds, and she taught the philosophy of Eastern Christian to her students. She herself subscribed to Eastern Christian's beliefs. To say that Plaintiff was not a beneficiary would undermine the relationship Plaintiff had with Eastern Christian and its ideals.

11

All three prongs of the Charitable Immunity Act required to be met to bar recovery against a nonprofit organization for claims of negligence are satisfied, and there are no facts which may be alleged to say otherwise. Eastern Christian, as a not-for-profit educational facility, is immune from liability for actions for negligence. Ergo, Count Five of Plaintiff's Complaint, alleging negligent investigation, should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendants Eastern Christian and Richard Kuder respectfully request that their Motion to Dismiss the First and Fifth Counts of Plaintiff's Complaint be granted.

SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER, LLC
Attorneys for Defendants Eastern
Christian School Association and
Richard Kuder

By: ___*/s/ Elizabeth F. Lorell*___
ELIZABETH F. LORELL

Dated November 8, 2007

12

**\*ELECTRONICALLY FILED\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**SCHWARTZ SIMON EDELSTEIN**
**CELSO & KESSLER LLC**
44 Whippany Road, Suite 210
PO Box 2355
Morristown, New Jersey 07962
Attorneys for Defendants
Eastern Christian School Association
and Richard Kuder

|  |  |
|---|---|
| VALERI SHAFER, | :   Civil Action No. 07-cv-5051 |
|    Plaintiff, | : |
| v. | :     **CERTIFICATION OF THOMAS** |
| | :    **DYKHOUSE IN SUPPORT OF** |
| EASTERN CHRISTIAN SCHOOL | :  **DEFENDANTS' MOTION TO DISMISS** |
| ASSOCIATION, CHRISTIAN SCHOOLS | :      **PURSUANT TO** |
| INTERNATIONAL, RICHARD KUDER, | :     **FED. R. CIV. P. 12(b)(6)** |
| KURT KABOTH, FLORENCE | : |
| NIEUWENHUIS, GINNY HOOGSTRA, | : |
| ROGER STEIGINGA and LORI | : |
| STEIGINGA, | : |
| | : |
|    Defendants. | : |

Thomas Dykhouse, of full age, hereby certifies as follows:

1)    I am the Executive Director and Head of School of Defendant, Eastern Christian School Association ("Eastern Christian").

2)    I was appointed to this position on October 15, 2007.

3)    Eastern Christian was originally formed in 1892 as a Christian educational institution.

4)    Through a series of mergers with other Christian schools and education associations, dated August 16, 1950 and July 16, 1951, respectively, the Eastern Christian School Association, as it is currently known, was formed.

**\*ELECTRONICALLY FILED\***

5)   Eastern Christian operates four (4) separate Christian day schools: a preschool, an elementary school, a middle school and a high school.

6)   Eastern Christian was formed as a not-for-profit organization, and has, throughout its entire history, never been operated for pecuniary profit.

7)   The State of New Jersey, Division of Taxation has granted tax exempt status to Eastern Christian based on Eastern Christian's standing as a not-for-profit institution.  See Attached Tax Exempt Organization Certificate.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Thomas Dykhouse

Dated: November 8, 2007

# EXHIBIT A

ST-5 (1-86, R-5)

## State of New Jersey

**DIVISION OF TAXATION**

**SALES TAX**

To be completed by purchaser and given to and retained by vendor. Read instructions on back of this certificate.

The vendor must collect the tax on a sale of taxable property or services unless the purchaser gives him a properly completed exemption certificate.

EXEMPT ORGANIZATION PERMIT NUMBER

EO-221-511-329/000

Eastern Christian School Association
50 Oakwood Avenue
North Haledon, New Jersey   07508

DATE _____

## • EXEMPT ORGANIZATION CERTIFICATE •

# FORM ST-5

TO _____
_(Name of Vendor)_

_____
_(Address of Vendor)_

_____

The undersigned certifies:

That this organization holds a valid Exempt Organization Permit (number shown above) and is not subject to the New Jersey Sales and Use Tax, in connection with this transaction.

That the tangible personal property or service described below which shall be purchased from you is intended soley and exclusively for this organization and is directly related to the purposes for which this organization was created.

That the tangible personal property or service to be purchased is described as follows:

_____

_____

_____

_____

Eastern Christian School Association
_(Name of organization as registered with the Division of Taxation)_

By _Jackie Streelman_
_(Signature of Officer or Trustee of the organization)_

_John R. Baldwin_

DIRECTOR
DIVISION OF TAXATION

50 Oakwood Ave., North Haledon, NJ 07508
_(Address of Purchaser)_

(See INSTRUCTIONS on other side)

*ELECTRONICALLY FILED*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**SCHWARTZ SIMON EDELSTEIN**
**CELSO & KESSLER LLC**
44 Whippany Road, Suite 210
PO Box 2355
Morristown, New Jersey 07962
Attorneys for Defendants
Eastern Christian School Association
and Richard Kuder

---

| | |
|---|---|
| VALERI SHAFER, | : Civil Action No. 07-cv-5051 |
| Plaintiff, | : |
| v. | : **ORDER** |
| EASTERN CHRISTIAN SCHOOL ASSOCIATION, CHRISTIAN SCHOOLS INTERNATIONAL, RICHARD KUDER, KURT KABOTH, FLORENCE NIEUWENHUIS, GINNY HOOGSTRA, ROGER STEIGINGA and LORI STEIGINGA, | : |
| Defendants. | : |

---

   **THIS MATTER** having been brought before the Court on Motion by Schwartz Simon Edelstein Celso & Kessler, LLC, Attorneys for Defendants Eastern Christian School Association and Richard Kuder, and the Court having considered the moving papers, papers filed in opposition, if any, arguments of counsel, if any, and for good cause shown;

   IT IS on this _____ day of _____, 2007;

**ORDERED** that the Defendants' Motion for Dismissal of Counts One and Five of Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) is hereby granted; and it is

**FURTHER ORDERED** that Counts One and Five of Plaintiff's Complaint are hereby dismissed with prejudice.

_____
                                                              ,U.S.D.J.

_____ Opposed
_____ Unopposed